

# NUMBER 13-09-00101-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**OMAR JOSE LOPEZ,**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                               **Appellee.**

---

## On appeal from the 105th District Court
## of Kleberg County, Texas.

---

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Vela
### Memorandum Opinion by Justice Benavides

Appellant, Omar Jose Lopez, appeals from the revocation of his community

supervision. In one issue, Lopez asserts that the evidence presented to the trial court did

not justify the revocation and subsequent two years' imprisonment sentence imposed by

the trial court and that the revocation and sentencing violate his eighth amendment rights.

*See* U.S. CONST. amend VIII.  We affirm.

## I. PROCEDURAL BACKGROUND

On July 21, 2004, Lopez pleaded guilty to possession of a controlled substance, a state jail felony.  *See*  TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)-(b) (Vernon Supp. 2009).   Under the plea agreement, the trial court sentenced Lopez to two years' confinement in state jail, suspended the sentence, placed him on five years' community supervision, and fined him $10,000.  On January 28, 2009, the trial court heard a motion to revoke Lopez's community supervision.  The motion alleged that Lopez violated eight terms and conditions of his community supervision.  Lopez pleaded "true" to counts one, two, and three.  After hearing arguments and receiving evidence, the trial court found counts one, two, three, and eight to be "true"; revoked Lopez's community supervision; and sentenced him to two years' imprisonment, with credit for time served.  Lopez did not file a motion for new trial, and this appeal ensued.

## II. ANALYSIS

Before we address Lopez's contention that the trial court's actions violated his eighth amendment rights, we must first address the State's argument that Lopez waived this issue by failing to object to the sentence as being disproportionate.  *See* TEX. R. APP. P. 33.1 (requiring a timely objection to preserve issues for review); *Dixon v. State*, 2 S.W.3d 263, 265 (Tex. Crim. App. 1998).  We agree.

To preserve a complaint of disproportionate sentencing, the criminal defendant must make a timely, specific objection to the trial court or raise the issue in a motion for new

trial.[1] *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.–Fort Worth 2009, pet. ref'd) ("To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired."); *Noland v. State*, 264 S.W.3d 144, 151-52, (Tex. App.–Houston [1st Dist.] 2007, pet. ref'd); *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.–Corpus Christi 1989, pet. ref'd) (holding defendant waived cruel and unusual punishment argument by failing to object); *see also Guzman v. State*, No. 13-09-00132-CR, 2010 WL 2011524, at *1 (Tex. App.–Corpus Christi May 20, 2010, no pet. h.) (mem. op., not designated for publication) (holding that failure to object to disproportionate sentencing or to raise the issue in a motion for new trial waives the issue on appeal); *Figueroa v. State*, No. 13-08-00115-CR, 2009 WL 3489842, at *1 (Tex. App.–Corpus Christi Oct. 29, 2009, pet. ref'd) (mem. op., not designated for publication) (same); *Valadez v. State*, No. 13-09-00062-CR, 2009 WL 2914260, at *4 (Tex. App.–Corpus Christi Aug. 31, 2009, no pet.) (mem. op., not designated for publication) (same).

Here, Lopez was adjudged guilty of possession of a controlled substance, *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a)-(b), and was sentenced within the prescribed punishment range. *See* TEX. PENAL CODE ANN. § 12.35 (Vernon Supp. 2009) (providing punishment of not more than two years and not less than 180 days for conviction of state jail felony); *Trevino v. State*, 174 S.W.3d 925, 928 n.4 (Tex. App.–Corpus Christi, pet. ref'd) ("A sentence outside the maximum or minimum range of punishment is unauthorized by

---

[1] This Court also recently applied this rule in *Gaytan v. State*, No. 13-08-00196-CR, 2009 WL 2914465, at *1 (Tex. App.–Corpus Christi Aug. 27, 2009, pet. ref'd) (mem. op., not designated for publication) (citing *Mullins v. State*, 208 S.W.3d 469, 470 n.2 (Tex. App.–Texarkana 2006, no pet.), and *Trevino v. State*, 174 S.W.3d 925, 927 (Tex. App.–Corpus Christi 2005, pet. ref'd)).

law and therefore illegal."). "Because the sentence imposed is within the punishment range and is not illegal, we conclude that the rights [Lopez] asserts for the first time on appeal are not so fundamental as to have relieved him of the necessity of a timely, specific trial objection." *Trevino* 174 S.W.3d at 927-28 (citing *Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000) (en banc)). Therefore, because Lopez failed to object to the trial court's sentence, failed to raise the issue in a motion for new trial, and was sentenced within the statutorily provided punishment range, we hold that he has failed to preserve his complaint for our review. *Id.*; *see also Gaytan v. State*, No. 13-08-00196-CR, 2009 WL 2914465, at *1 (Tex. App.–Corpus Christi Aug. 27, 2009, pet. ref'd) (mem. op., not designated for publication). We overrule Lopez's appellate issue.

## III. CONCLUSION

Having overruled Lopez's appellate issue, we affirm the judgment of the trial court.

_____
GINA M. BENAVIDES,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
29th day of June, 2010.

4