

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-09-00374-CR

VINCENT CARL MITCHELL                                        APPELLANT

V.

THE STATE OF TEXAS                                                  STATE

------------

FROM THE 432ND DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

## I. Introduction

In one issue, Appellant Vincent Carl Mitchell asserts that he received ineffective assistance of counsel when his trial counsel failed to preserve his complaint about his disproportionate sentence for robbery.  We affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural History

It was around midnight when Mitchell approached Domino's Pizza employee Zachary Gary as he was getting into his truck after delivering a pizza in a neighborhood Gary described as "not good." Mitchell ordered Gary to give him all his money. Gary testified that he thought Mitchell had a knife in his hand, and it appeared to Gary that Mitchell could lunge at him and stab him. Gary was afraid that Mitchell could hurt or even kill him, so he emptied his pockets, and Mitchell took Gary's money and cell phone before running off.

Gary drove the four blocks back to Domino's, where police arrived shortly afterward and took his statement. Gary's manager, Travis Tull, called Gary's cell phone, and Mitchell answered. At the suggestion of Arlington Police Officer Jared Ross, who suspected that Mitchell was a homeless person or drug addict,[2] Tull offered Mitchell $50 reward to return the cell phone to Domino's. Around fifteen minutes later, Mitchell showed up with the cell phone and was arrested. Gary identified Mitchell as the man who robbed him.

A jury found Mitchell guilty of robbery by threat, a second degree felony. *See* Tex. Penal Code Ann. § 29.02(b) (Vernon 2005). During the punishment phase, Mitchell testified that Gary, who had no criminal history whatsoever, lied about the entire sequence of events. Mitchell stated that, in actuality, Gary attempted to purchase drugs from him.

---

[2]Police found a crack pipe on Mitchell when they patted him down.

Before assessing punishment, the trial court summarized Mitchell's criminal record:

In 1986, there were two robbery by threat cases. You received a 15-year sentence. And that was run concurrently with another sentence of 15 years, burglary of a habitation. In 1992, there was a possession of a controlled substance, and you received 15 years for that.

In addition to it, it appeared that you went to trial in a different case; is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: And that was in 1992 for a UMV [unauthorized use of a motor vehicle] and received 15 for that. In 1989 there was a promotion [of] prostitution and you received 20 years for that. In 1984 there was another UMV where you received four. In 2005, there was a possession of a controlled substance less than one gram where a penalty enhancement was waived.

Mitchell pleaded true to the enhancement paragraph allegations—felony unlawful possession of a controlled substance (cocaine) in 1992 and felony robbery by threats in 1986—and the trial court found them true and sentenced Mitchell to seventy-five years' confinement. Mitchell's trial attorney did not object to the sentence. This appeal followed.

## III. Analysis

In his sole issue, Mitchell complains that his trial counsel's representation at sentencing fell below the standard of reasonable representation when he failed to object to Mitchell's grossly disproportionate sentence.

3

## A. Standard of Review

To establish ineffective assistance of counsel, an appellant must show by a preponderance of the evidence that his counsel's representation fell below the standard of prevailing professional norms and that there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005); *Mallett v. State*, 65 S.W.3d 59, 62–63 (Tex. Crim. App. 2001); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999).

The second prong of *Strickland* requires a showing that counsel's errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result. *Strickland,* 466 U.S. at 687, 104 S. Ct. at 2064. In other words, appellant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 694, 104 S. Ct. at 2068. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.* The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding in which the result is being challenged. *Id.* at 697, 104 S. Ct. at 2070.

## B. Analysis

Mitchell's single issue is in essence two issues combined in one. He asks this court to find that the failure to object to the sentence constituted ineffective assistance of counsel and to find that, had he objected, the sentence would have been found to be grossly disproportionate, warranting a new sentencing hearing.

It is undisputed that the appropriate punishment range here was twenty-five to ninety-nine years' confinement and that the punishment assessed was within this range. *See* Tex. Penal Code Ann. § 12.42(d) (Vernon Supp. 2010). Generally, punishment assessed within the statutory limits, as here, is not excessive, cruel, or unusual punishment under either the Eighth Amendment or under article I, section 13 of the Texas Constitution. *See Dale v. State*, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth 2005, no pet.) (citing *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973)); *see also Atchison v. State*, 124 S.W.3d 755, 760 (Tex. App.—Austin 2003, pet. ref'd) ("Article I, section 13 is not violated when . . . the punishment assessed is within the limits prescribed by statute."). However, that does not end the inquiry because a prohibition against grossly disproportionate punishment survives under the Eighth Amendment apart from any consideration of whether the punishment assessed is within the range established by the legislature. *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.).

In conducting a proportionality analysis, we must first make a threshold comparison of the gravity of the offense against the severity of the sentence. *Acosta v. State*, 160 S.W.3d 204, 212 (Tex. App.—Fort Worth 2005, no pet.). We are to judge the gravity of the offense in light of the harm caused or threatened to the victim or society, and the culpability of the offender. *Id.* Then, only if this initial comparison creates an inference that the sentence is grossly disproportionate to the offense, do we consider sentences for similar crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. *Moore v. State*, 54 S.W.3d 529, 542 (Tex. App.—Fort Worth 2001, pet. ref'd) (adopting *McGruder* proportionality analysis); *see also Mullins*, 208 S.W.3d at 470 (applying *McGruder*).

Here, Mitchell was charged with and convicted of robbery by threat, a second degree felony offense, and Gary testified that he was afraid for his life when Mitchell demanded that he give him all of his money. The jury convicted Mitchell of this offense; therefore, it determined that he possessed a high degree of culpability. *See Moore*, 54 S.W.3d at 542.

During the punishment phase, the trial court found that both enhancement allegations were true, one of which involved a prior felony conviction in 1986 for the same offense—robbery by threat. Although robbery is a second degree felony, with a punishment range of two to twenty years, the habitual felony offender statute increased the range to twenty-five to ninety-nine years. *See*

6

Tex. Penal Code Ann. § 12.33 (Vernon Supp. 2010), § 12.42(d). Mitchell's punishment was assessed in light of the enhancement allegations, to which he pleaded true and which the trial court found true.

The trial court also considered the rest of Mitchell's extensive criminal record: an additional robbery by threat, burglary of a habitation, promotion of prostitution, and drug possession, among other crimes, from 1984 to the present (with periods of incarceration interspersed throughout). The harm threatened to society from this individual was therefore correspondingly high. *See Moore,* 54 S.W.3d at 542–43. And instead of accepting responsibility following the jury's determination of guilt, Mitchell blamed Gary as the party responsible for the whole incident, claiming he was liar and drug abuser. Mitchell's failure to accept responsibility was an additional consideration for the trial court in assessing his punishment. *See Vaughn v. State*, 931 S.W.2d 564, 568 (Tex. Crim. App. 1996). We hold that the sentence, viewed in light of the habitual offender statute, Mitchell's criminal history, and the facts of this case, is not grossly disproportionate.

Because Mitchell has not demonstrated that there is a reasonable probability that the outcome would have been different had his counsel made a proportionality objection, we need not also consider whether the failure to object to the sentence constituted ineffective assistance of counsel. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068. We overrule Mitchell's sole issue.

7

## IV. Conclusion

Having overruled Mitchell's sole issue, we affirm the trial court's judgment.


BOB MCCOY
JUSTICE

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  December 2, 2010