02-09-374-CR













 



 

 

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

 

NO. 02-09-00374-CR

 

 


 
 
 Vincent Carl Mitchell
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE 
 
 


 

 

------------

 

FROM THE
432nd District Court OF Tarrant
COUNTY

------------

MEMORANDUM OPINION[1]

----------

I.  Introduction

          In one issue, Appellant Vincent Carl
Mitchell asserts that he received ineffective assistance of counsel when his
trial counsel failed to preserve his complaint about his disproportionate sentence
for robbery.  We affirm.

II.  Factual and
Procedural History

          It was around midnight when Mitchell
approached Domino’s Pizza employee Zachary Gary as he was getting into his
truck after delivering a pizza in a neighborhood Gary described as “not good.”  Mitchell
ordered Gary to give him all his money.  Gary
testified that he thought Mitchell had a knife in his hand, and it appeared to
Gary that Mitchell could lunge at him and stab him.  Gary was afraid that Mitchell could hurt or
even kill him, so he emptied his pockets, and Mitchell took Gary’s money and
cell phone before running off.

          Gary
drove the four blocks back to Domino’s, where police arrived shortly afterward
and took his statement.  Gary’s manager,
Travis Tull, called Gary’s cell phone, and Mitchell answered.
 At the suggestion of Arlington Police
Officer Jared Ross, who suspected that Mitchell was a homeless person or drug
addict,[2]
Tull offered Mitchell $50 reward to return the cell
phone to Domino’s.  Around fifteen
minutes later, Mitchell showed up with the cell phone and was arrested.  Gary identified Mitchell as the man who robbed
him.

          A
jury found Mitchell guilty of robbery by threat, a second degree felony.  See Tex.
Penal Code Ann. § 29.02(b) (Vernon 2005). 
During the punishment phase, Mitchell testified that Gary, who had no
criminal history whatsoever, lied about the entire sequence of events.  Mitchell stated that, in actuality, Gary
attempted to purchase drugs from him.

Before assessing punishment, the trial court
summarized Mitchell’s criminal record:

In 1986, there were
two robbery by threat cases.  You received a 15-year sentence.  And that was run concurrently with another
sentence of 15 years, burglary of a habitation. 
In 1992, there was a possession of a controlled substance, and you
received 15 years for that.  

 

In addition to it, it
appeared that you went to trial in a different case; is that correct? 

 

THE DEFENDANT:  Yes, sir.

 

THE COURT:  And that was in 1992 for a UMV [unauthorized
use of a motor vehicle] and received 15 for that.  In 1989 there was a promotion [of]
prostitution and you received 20 years for that.  In 1984 there was another UMV where you received
four.  In 2005, there was a possession of
a controlled substance less than one gram where a penalty enhancement was
waived. 

 

Mitchell pleaded true to the enhancement paragraph
allegations—felony unlawful possession of a controlled substance (cocaine) in
1992 and felony robbery by threats in 1986—and the trial court found them true
and sentenced Mitchell to seventy-five years’ confinement.  Mitchell’s trial attorney did not object to
the sentence.  This appeal followed.

III. 
Analysis

          In his sole issue, Mitchell complains that his trial counsel’s
representation at sentencing fell below the standard of reasonable
representation when he failed to object to Mitchell’s grossly disproportionate
sentence.

A.  Standard of Review

To
establish ineffective assistance of counsel, an appellant must show by a
preponderance of the evidence that his counsel=s
representation fell below the standard of prevailing professional norms and
that there is a reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.  Strickland v. Washington,
466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Salinas v. State, 163
S.W.3d 734, 740 (Tex. Crim. App. 2005); Mallett
v. State, 65 S.W.3d 59, 62B63 (Tex.
Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex.
Crim. App. 1999); Hernandez v. State, 988 S.W.2d 770, 770 (Tex. Crim.
App. 1999).

The
second prong of Strickland requires a showing that counsel=s
errors were so serious that they deprived the defendant of a fair trial, i.e.,
a trial with a reliable result.  Strickland, 466 U.S. at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is
a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been
different.  Id.
at 694, 104 S. Ct. at 2068.  A
reasonable probability is a probability sufficient to undermine confidence in
the outcome.  Id.  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding in which the result is being
challenged.  Id.
at 697, 104 S. Ct. at 2070.

B.  Analysis

Mitchell’s single issue is in essence two issues
combined in one.  He asks this court to
find that the failure to object to the sentence constituted ineffective
assistance of counsel and to find that, had he objected, the sentence would
have been found to be grossly disproportionate, warranting a new sentencing
hearing.

It is undisputed that the appropriate punishment
range here was twenty-five to ninety-nine years’ confinement and that the
punishment assessed was within this range. 
See Tex. Penal Code Ann. §
12.42(d) (Vernon Supp. 2010).  Generally,
punishment assessed within the statutory limits, as here, is not excessive,
cruel, or unusual punishment under either the Eighth Amendment or under article
I, section 13 of the Texas Constitution. 
See Dale v. State, 170 S.W.3d 797, 799 (Tex. App.—Fort Worth
2005, no pet.) (citing Jordan v. State, 495
S.W.2d 949, 952 (Tex. Crim. App. 1973)); see also Atchison v. State, 124
S.W.3d 755, 760 (Tex. App.—Austin 2003, pet. ref’d)
(“Article I, section 13 is not violated when . . . the punishment assessed is
within the limits prescribed by statute.”). 
However, that does not end the inquiry because a prohibition against
grossly disproportionate punishment survives under the Eighth Amendment apart
from any consideration of whether the punishment assessed is within the range
established by the legislature.  Mullins v. State, 208
S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.).

In
conducting a proportionality analysis, we must first make a threshold
comparison of the gravity of the offense against the severity of the
sentence.  Acosta v.
State, 160 S.W.3d 204, 212 (Tex. App.—Fort Worth 2005, no pet.).  We are to judge the gravity of the offense in
light of the harm caused or threatened to the victim or society, and the
culpability of the offender.  Id.  Then, only if this initial comparison creates
an inference that the sentence is grossly disproportionate to the offense, do
we consider sentences for similar crimes in the same jurisdiction and sentences
for the same crime in other jurisdictions. 
Moore v. State, 54 S.W.3d 529,
542 (Tex. App.—Fort Worth 2001, pet. ref’d) (adopting
McGruder
proportionality analysis); see also Mullins,
208 S.W.3d at 470 (applying McGruder).

Here,
Mitchell was charged with and convicted of robbery by threat, a second degree
felony offense, and Gary testified that he was afraid for his life when
Mitchell demanded that he give him all of his money.  The jury convicted Mitchell of this offense;
therefore, it determined that he possessed a high degree of culpability.  See
Moore, 54 S.W.3d at 542.

During
the punishment phase, the trial court found that both enhancement allegations
were true, one of which involved a prior felony conviction in 1986 for the same
offense—robbery by threat.  Although
robbery is a second degree felony, with a punishment range of two to twenty
years, the habitual felony offender statute increased the range to twenty-five
to ninety-nine years.  See Tex. Penal Code Ann. § 12.33
(Vernon Supp. 2010), § 12.42(d). 
Mitchell’s punishment was assessed in light of the enhancement
allegations, to which he pleaded true and which the trial court found true.

The
trial court also considered the rest of Mitchell’s extensive criminal
record:  an additional robbery by threat,
burglary of a habitation, promotion of prostitution, and drug possession, among
other crimes, from 1984 to the present (with periods of incarceration
interspersed throughout).  The harm
threatened to society from this individual was therefore correspondingly high.  See Moore,
54 S.W.3d at 542–43. 
And instead of accepting responsibility following the jury’s
determination of guilt, Mitchell blamed Gary as the party responsible for the
whole incident, claiming he was liar and drug abuser.  Mitchell’s failure to accept responsibility
was an additional consideration for the trial court in assessing his
punishment.  See Vaughn v. State, 931 S.W.2d 564, 568 (Tex. Crim. App. 1996).  We hold that the sentence, viewed in light of
the habitual offender statute, Mitchell’s criminal history, and the facts of
this case, is not grossly disproportionate.

Because
Mitchell has not demonstrated that there is a reasonable probability that the
outcome would have been different had his counsel made a proportionality
objection, we need not also consider whether the failure to object to the
sentence constituted ineffective assistance of counsel.  See
Strickland, 466 U.S. at 694, 104 S.
Ct. at 2068.  We overrule Mitchell’s sole
issue.

IV.  Conclusion

          Having overruled Mitchell’s sole
issue, we affirm the trial court’s judgment.

 

 

BOB MCCOY

JUSTICE

 

PANEL:  LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

 

DO NOT PUBLISH

Tex. R. App. P. 47.2(b)

                                                              

DELIVERED:  December 2, 2010











[1]See Tex. R. App. P. 47.4.





[2]Police found a crack
pipe on Mitchell when they patted him down.