Bryan Eugene MULLINS, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–06–00044–CR.

Court of Appeals of Texas, Texarkana.

Date Submitted: Nov. 20, 2006.

Date Decided: Nov. 21, 2006.

Alex Tyra, Law Office of Alex Tyra, Longview, for appellant.

W. Ty Wilson, Asst. Dist. Atty., Longview, for appellee.

Before MORRISS, C.J., ROSS, and CARTER, JJ.

OPINION

Opinion by Chief Justice MORRISS.

Bryan Eugene Mullins appeals his conviction for bail jumping and failure to

appear.[1] *See* TEX. PENAL CODE ANN. § 38.10(f) (Vernon 2003) (third-degree felony, if offense for which appearance required is classified as felony). Mullins pled guilty to the offense, without a plea agreement, and was sentenced by the trial court to six years' confinement. On appeal, Mullins contends the sentence imposed by the trial court was disproportionate to the offense, citing *Solem v. Helm,* 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983).[2]

Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g., Jordan v. State,* 495 S.W.2d 949, 952 (Tex. Crim.App.1973). Here, Mullins' sentence falls within the applicable range of two to ten years. *See* TEX. PENAL CODE ANN. § 12.34 (Vernon 2003).

■ That does not end the inquiry. A prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. U.S. CONST. amend. VIII; *see Solem,* 463 U.S. at 290, 103 S.Ct. 3001; *Harmelin v. Michigan,* 501 U.S. 957, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Scalia, J., plurality op.); *Dunn v. State,* 997 S.W.2d 885, 892 (Tex.App.-Waco 1999, pet. ref'd); *Jackson v. State,* 989 S.W.2d 842, 845 (Tex.App.-Texarkana 1999, no pet.); *Lackey v. State,*

881 S.W.2d 418, 420–21 (Tex.App.-Dallas 1994, pet. ref'd).

*Solem* had suggested, as a three-part test, that an appellate court consider: (1) the gravity of the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. *See Solem,* 463 U.S. at 292, 103 S.Ct. 3001. *Harmelin* at least raised questions about the viability of the *Solem* three-part test. In fact, it was subsequently held that proportionality survived *Harmelin,* but that the *Solem* three-part test did not. *See McGruder v. Puckett,* 954 F.2d 313, 316 (5th Cir.1992); *Dunn,* 997 S.W.2d at 892; *Lackey,* 881 S.W.2d at 420–21. In light of *Harmelin,* the test has been reformulated as an initial threshold comparison of the gravity of the offense with the severity of the sentence, and then, only if that initial comparison created an inference that the sentence was grossly disproportionate to the offense should there be a consideration of the other two *Solem* factors—(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions. *McGruder,* 954 F.2d at 316; *Dunn,* 997 S.W.2d at 892; *Lackey,* 881 S.W.2d at 420–21.

■ Mullins' sentence falls in the middle of the two-to-ten year range—a range determined by the Legislature to constitute appropriate punishment for this type of crime. Nothing in this record demonstrates or raises an inference that this

---

**1.** Mullins' underlying charge for which he was to appear was aggravated assault with a deadly weapon, a felony. *See* TEX. PENAL CODE ANN. § 22.02 (Vernon Supp.2006).

**2.** Mullins did not object to the sentence on the ground it was disproportionate to the crime, or on any other ground, at the time it was imposed. His motion for new trial, however,

contains a contention that the sentence was disproportionate to the offense. A motion for new trial is an appropriate way to preserve this type of claim for review. *See Williamson v. State,* 175 S.W.3d 522, 523–24 (Tex.App.-Texarkana 2005, no pet.); *Delacruz v. State,* 167 S.W.3d 904 (Tex.App.-Texarkana 2005, no pet.).

sentence was grossly disproportionate to this offense. For the criminal justice system to work when criminal defendants are free on bail, there must be some sanction for bail jumping. When the crime for which the defendant is to appear is more serious—in this case a felony—the sanction for jumping bail for that crime is legitimately greater.[3] Mullins has failed to show that his sentence was constitutionally disproportionate to the offense for which he was convicted. His sole contention is overruled.

We affirm the judgment of the trial court.

**3.** Even if there had been an inference raised that this sentence was grossly disproportionate, this record contains no evidence comparing this sentence with others in the same jurisdiction for this offense, or those imposed on defendants in other jurisdictions who committed a similar offense. *See Delacruz,* 167 S.W.3d at 906.