COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| RICHARD CHARCAS, | | No. 08-07-00034-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 243rd District Court |
| | § | |
| THE STATE OF TEXAS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2006ODO1901) |
| | § | |
| | § | |

**O P I N I O N**

Richard Charcas appeals his conviction for harassment by person in correctional facility or detention. The jury sentenced him to 2 years' imprisonment in the institutional division of the Texas Department of Criminal Justice. In his sole issue raised for our review, Appellant argues the sentence imposed by the jury constituted cruel and unusual punishment, in violation of the Eighth Amendment of the United States Constitution. We affirm.

On January 20, 2006, Officer Joel Padilla testified that he was working as a detention officer at the El Paso County Jail Annex in east El Paso. He was assigned to "pod 800" where his duties included security and monitoring the inmate population. At approximately 3 a.m., Officer Padilla did a "physical check" of the inmates in the cells of pod 800. When he passed cell 804 alpha, he saw Appellant lying on his cell bed. Appellant was the only inmate in the cell.

When Officer Padilla completed the check, he turned to leave the cell block and passed Appellant's cell a second time. As he passed, the officer heard what sounded, "like, when

somebody is about to -- the sound that somebody makes when they're ready to spit." When he turned to see where the sound came from, he saw Appellant directly on the other side of the cell door. Appellant spit on him. Although some of the fluid was blocked by the door, some made contact with Officer Padilla's face through an opening. Officer Padilla immediately cleaned his face with an alcohol wipe. He testified that through his training, he was aware of a significant risk of disease transmission through contact with an inmate's bodily fluids, and required multiple blood tests and other medical examinations as a result of the incident. Officer Padilla made a record of the incident and reported it to his supervisor.

Appellant was charged with "harassment by person in certain correctional facilities," a third degree felony. *See* TEX.PENAL CODE ANN. § 22.11 (Vernon Supp. 2006). The jury returned a guilty verdict and sentenced Appellant to two years' imprisonment. Appellant raises a single issue for our review. He argues that his sentence constitutes a violation of the constitutional prohibition against cruel and unusual punishment.

A person commits the offense of harassment by a person in a correctional facility:

(a) [I]f, with the intent to assault, harass, or alarm, the person:

  (1) while imprisoned or confined in a correctional or detention facility, causes another person to contact the blood, seminal fluid, vaginal fluid, saliva, urine, or feces of the actor, any other person, or an animal . . . .

TEX.PENAL CODE ANN. § 22.11(a)(1).

Because the offense is a third degree felony, a person convicted under Section 22.11(a) can be sentenced to between two and ten years' imprisonment and fined up to $10,000. *See* TEX.PENAL CODE ANN. § 12.34 (Vernon 2003); TEX.PENAL CODE ANN. § 22.11(b). Appellant

does not dispute that his sentence falls within the range allowable by statute.  Generally, a punishment assessed within the statutory range is not cruel or unusual.  *Davila v. State*, 930 S.W.2d 641, 654 (Tex.App.--El Paso 1996, pet. ref'd); *Belton v. State*, 900 S.W.2d 886, 899 (Tex.App.--El Paso 1995, pet. ref'd); *Lackey v. State*, 881 S.W.2d 418, 420 (Tex.App.--Dallas 1994, pet. ref'd).  However, it is possible for a sentence within the statutory range to nonetheless run afoul of the Eighth Amendment if it is disproportionate to the crime.  *See Solem v. Helm*, 463 U.S. 277, 290, 103 S.Ct. 3001, 3009, 77 L.Ed.2d 637 (1983); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex.App.--Texarkana 2006, no pet.); *Diaz-Galvan v. State*, 942 S.W.2d 185, 186 (Tex.App.--Houston [1st Dist.] 1997, pet. ref'd).

First, the reviewing court must concluded that the punishment is "grossly disproportionate" to the crime.  *Harmelin v. Michigan*, 501 U.S. 957, 1001, 111 S.Ct. 2680, 2705, 115 L.Ed.2d 836 (1991).  Punishment is grossly disproportionate to the crime only when an objective comparison of the gravity of the offense against the severity of the sentence reveals the sentence to be extreme.  *Harmelin*, 501 U.S. at 1005, 111 S.Ct. at 2707.  Only after the punishment has been held to be "grossly disproportionate," will the court further evaluate the sentence and consider:  (1) the sentences imposed in other crimes in the same jurisdiction; and (2) the sentences imposed for commission of the same crime in other jurisdictions.  *See Mullins*, 208 S.W.3d at 470; *Dunn v. State*, 997 S.W.2d 885, 892 (Tex.App.--Waco 1999, pet. ref'd); *Lackey*, 881 S.W.2d at 420-21.

Appellant's sentence is the very lowest within the range the Legislature has determined appropriate for this crime.  There is no evidence in the record before us from which we could conclude that the punishment is "grossly disproportionate" in accordance with the objective

-3-

standard described above.  As the State points out, there is a legitimate need to deter incarcerated individuals from threatening the health and safety of detention officers and other public servants with whom they come in contact.  Because Appellant has failed to show his sentence was "grossly disproportionate" to the crime for which he was convicted, there is no need for this Court to address the remaining Eighth Amendment factors.  *See Mullins*, 208 S.W.3d at 470-71.  Therefore, we overrule Appellant's issue and affirm the conviction and sentence.


January 15, 2009

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., McClurr, and Carr, JJ.
Carr, J., Not Participating

(Do Not Publish)