

**NUMBER 13-08-367-CR**

**COURT OF APPEALS**

**THIRTEENTH DISTRICT OF TEXAS**

**CORPUS CHRISTI - EDINBURG**

---

**WILLIAM HOLLAND,** Appellant,

**v.**

**THE STATE OF TEXAS,** Appellee.

---

**On appeal from the 94th District Court of Nueces County, Texas.**

---

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Memorandum Opinion by Justice Yañez

Without the benefit of a plea bargain, appellant, William Holland, pleaded nolo contendere to one count of indecency with a child by sexual contact.[1] The trial court found him guilty and sentenced him to ten year's imprisonment. The sole issue raised on appeal

---

[1] *See* TEX. PENAL CODE ANN. § 21.11(a)(1) (Vernon 2003). Indecency with a child by sexual contact is a second-degree felony. *See id.* at § 21.11(d).

is whether appellant's punishment is disproportionate to the seriousness of the offense, in violation of the Eighth and Fourteenth Amendments to the United States Constitution.[2] We affirm.

## I. BACKGROUND

At the time of the incident, the victim, appellant's granddaughter, was ten years old. Appellant made sexual contact with the victim at his home, while he was watching her after school. He pleaded nolo contendere and asked for community supervision. The trial court imposed a sentence of ten years, which was within the statutory range of punishment.[3]

## II. DISPROPORTIONATE PUNISHMENT

Appellant contends that his ten-year sentence is unconstitutionally disproportionate to the severity of his crime, thus violating the Eighth Amendment protection against cruel and unusual punishment.[4] The Eighth Amendment does not require strict proportionality between the crime and the sentence; rather it forbids only extreme sentences that are grossly disproportionate to the crime.[5] It is applicable to the states by and through the Fourteenth Amendment.[6] The precise contours of the "grossly disproportionate" standard are unclear, but it applies only in "exceedingly rare" and "extreme" cases.[7] Texas courts

---

[2] U.S. CONST. amend. VIII, XIV.

[3] *See* TEX. PENAL CODE ANN. § 12.33 (Vernon 2003) (providing that punishment range for a second-degree felony is imprisonment for a term of two to twenty years, plus an optional fine of $10,000).

[4] U.S. CONST. amend. VIII.

[5] *See Ewing v. California*, 538 U.S. 11, 23 (2003).

[6] *See Robinson v. California*, 370 U.S. 660, 667 (1962).

[7] *See Lockyer v. Andrade*, 538 U.S. 63, 73 (2003).

have traditionally held that a sentence within the statutory range prescribed by the legislature is not excessive.[8] However, Texas courts recognize that a prohibition against grossly disproportionate sentences survives under the federal constitution apart from any consideration of whether the punishment assessed is within the statute's punishment range.[9]

The State argues that appellant failed to raise an objection at trial regarding cruel and unusual punishment, and thus failed to preserve the issue on appeal. We agree.

### III. PRESERVATION OF ERROR

Appellant made no objection to his sentence to the trial court, during sentencing, or in any post-trial motion. He never claimed the sentence was excessive or cruel. In order to preserve an issue for appellate review, a party must present a timely request, objection, or motion to the trial court stating the specific grounds for the objection and must obtain a ruling.[10] It is well-settled that even constitutional rights may be waived by a failure to object.[11] Moreover, this Court has held that failing to complain that a sentence is cruel and unusual, either by objection during the punishment phase of trial or by a motion for new

---

[8] *See Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Trevino v. State*, 174 S.W.3d 925, 928 (Tex. App.–Corpus Christi 2005, pet. ref'd).

[9] *Winchester v. State*, 246 S.W.3d 386, 388 (Tex. App.–Amarillo 2008, pet. ref'd); *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.–Texarkana 2006, no pet.).

[10] TEX. R. APP. P. 33.1; *see Trevino,* 174 S.W.3d at 927 (citing *Blue v. State*, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000)).

[11] *See Trevino*, 174 S.W.3d at 927 (citing *Smith v. State*, 721 S.W.2d 844, 855 (Tex. Crim. App. 1986)); *see also Wright v. State*, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000); *Luna v. State*, 70 S.W.3d 354, 359 (Tex. App.–Corpus Christi 2002, pet. ref'd).

trial, waives the error.[12]

## IV. Conclusion

Here, appellant neither objected to his sentence nor raised the issue in his motion for new trial. We hold appellant failed to preserve the issue for review. We overrule appellant's sole issue and affirm the trial court judgment.

LINDA REYNA YAÑEZ,
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this the 18th day of June, 2009.

---

[12] *Quintana v. State*, 777 S.W.2d 474, 479 (Tex. App.–Corpus Christi 1989, pet. ref'd).