In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00219-CR

                                                ______________________________

 

 

                               CHARLES LARON HEARNE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the Sixth
Judicial District Court

                                                             Lamar County, Texas

                                                            Trial
Court No. 22950

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Charles Laron Hearne has filed a
notice of appeal from his convictions of delivery of a controlled substance,
delivery of a controlled substance in a drug-free zone, and delivery of a
simulated substance.  On our review of
the clerk’s record, we noted that the trial court’s certification of right of
appeal stated that this was a plea agreement case and that Hearne has no right
of appeal.  

            Unless a certification, showing that
a defendant has the right of appeal, is in the record, we must dismiss the
appeal.  See Tex. R. App. P. 25.2(d).  Because the trial court’s certification
affirmatively shows Hearne has no right of appeal, and because the record
before us does not reflect that the certification is incorrect, see Dears
v. State, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005), we must dismiss the
appeal.

            We dismiss the appeal for want of
jurisdiction.  

 

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:              February 1, 2010                                        

Date Decided:               
February 2, 2010                                        

 

Do Not Publish                                                     

 

 

 






is that the trial court abused its discretion in failing to sentence the
defendant to a substance abuse felony punishment (SAFP) facility as a condition
of community supervision.

            Fatal
to his issue on appeal is the fact that Fountain did not complain about the
sentence at the time of sentencing and did not file a motion for new trial
complaining about the sentence.[3]  Thus, the error, if any, is not preserved for
appellate review.  Tex. R. App. P. 33.1; Mullins v. State, 208 S.W.3d 469, 470 n.2
(Tex. App.—Texarkana  2006, no pet.).[4]

            For the reasons stated, we affirm.

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          July 30, 2010

Date Decided:             August 6, 2010

 

Do Not Publish

 











[1]Given
Fountain’s prior felony conviction, a jury could not have placed him on
community supervision.

 





[2]Fountain’s
appellate attorney, at Fountain’s request, attached to his brief a letter from
Fountain complaining of a number of alleged errors.  There is no right to hybrid representation,
and we will not address the complaints contained in the letter.  See Robinson
v. State, 240 S.W.3d 919, 921 (Tex. Crim. App. 2007).

 





[3]Fountain
filed a motion to set aside the judgment, but did not complain about the
sentence in that motion.  

 





[4]Even
if the issue had been preserved, the trial court did not err.  If a trial court places a defendant on
community supervision, the trial court may require as a condition of community
supervision “that the defendant serve a term of confinement and treatment in a
substance abuse treatment facility” for a term of “not more than one year or
less than 90 days.”  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 14(a) (Vernon Supp. 2009).  However,
Fountain was not eligible for community supervision.  A defendant is not eligible for community
supervision if he or she “is sentenced to a term of imprisonment that exceeds
10 years.”  Tex. Code Crim. Proc. Ann. art. 42.12, § 3(e)(1) (Vernon
Supp. 2009).  Because Fountain was
sentenced to twelve years, Fountain could not be placed on community
supervision.  A defendant must be on
community supervision to be eligible for SAFP. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 14(b)(1) (Vernon
Supp. 2009).