In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00074-CR

                                                ______________________________

 

 

                                 FREDDIE LEE FOUNTAIN,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 4th Judicial District Court

                                                              Rusk County, Texas

                                                         Trial Court
No. CR10-023

 

                                                          
                                        

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                     MEMORANDUM 
OPINION

 

            Freddie
Lee Fountain appeals his conviction for felony DWI enhanced to a second degree felony
by a prior felony conviction.  Fountain
waived his right to a jury trial, waived his right to have a jury assess
punishment,[1]
and entered an open plea of guilty before the trial court.  The trial court assessed punishment and
sentenced Fountain to twelve years’ imprisonment.

            Fountain’s
sole issue on appeal[2]
is that the trial court abused its discretion in failing to sentence the
defendant to a substance abuse felony punishment (SAFP) facility as a condition
of community supervision.

            Fatal
to his issue on appeal is the fact that Fountain did not complain about the
sentence at the time of sentencing and did not file a motion for new trial
complaining about the sentence.[3]  Thus, the error, if any, is not preserved for
appellate review.  Tex. R. App. P. 33.1; Mullins v. State, 208 S.W.3d 469, 470 n.2
(Tex. App.—Texarkana  2006, no pet.).[4]

            For the reasons stated, we affirm.

 

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          July 30, 2010

Date Decided:             August 6, 2010

 

Do Not Publish

 











[1]Given
Fountain’s prior felony conviction, a jury could not have placed him on
community supervision.

 





[2]Fountain’s
appellate attorney, at Fountain’s request, attached to his brief a letter from
Fountain complaining of a number of alleged errors.  There is no right to hybrid representation,
and we will not address the complaints contained in the letter.  See Robinson
v. State, 240 S.W.3d 919, 921 (Tex. Crim. App. 2007).

 





[3]Fountain
filed a motion to set aside the judgment, but did not complain about the
sentence in that motion.  

 





[4]Even
if the issue had been preserved, the trial court did not err.  If a trial court places a defendant on
community supervision, the trial court may require as a condition of community
supervision “that the defendant serve a term of confinement and treatment in a
substance abuse treatment facility” for a term of “not more than one year or
less than 90 days.”  Tex. Code Crim. Proc. Ann. art. 42.12,
§ 14(a) (Vernon Supp. 2009).  However,
Fountain was not eligible for community supervision.  A defendant is not eligible for community
supervision if he or she “is sentenced to a term of imprisonment that exceeds
10 years.”  Tex. Code Crim. Proc. Ann. art. 42.12, § 3(e)(1) (Vernon
Supp. 2009).  Because Fountain was
sentenced to twelve years, Fountain could not be placed on community
supervision.  A defendant must be on
community supervision to be eligible for SAFP. 
See Tex. Code Crim. Proc. Ann. art. 42.12, § 14(b)(1) (Vernon
Supp. 2009).