In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00229-CR

                                                ______________________________

 

 

                                         BOBBY RAPER,
II, Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                         On Appeal from the 8th Judicial District Court

                                                              Delta County, Texas

                                                             Trial
Court No. 7080

 

                                                             
                                     

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                      MEMORANDUM OPINION

 

In Delta County, Texas, Bobby Raper, II, was
indicted for burglary of a habitation. 
Raper pled guilty and received a ten-year sentence, which was probated
for ten years.[1]  Ten months later, the State moved to revoke
Raper’s community supervision, alleging that Raper failed to satisfy six
conditions of his community supervision. 
He pled true to all of the allegations except for failure to complete
community service.  After a hearing, the
trial court revoked Raper’s community supervision and sentenced him to ten
years’ incarceration. 

On appeal, Raper argues in his sole point of
error that the sentence imposed by the trial court is unconstitutionally cruel
and unusual. 

            We
affirm the trial court’s judgment because this issue was not preserved for our
review. 

 

            To
preserve error for appellate review, a defendant must make a timely request,
objection, or motion, and obtain a ruling from the trial court.  Tex. R.
App. P. 33.1.  This requirement
applies even to assertions that a sentence is cruel and unusual.  Richardson
v. State, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref’d) (citing Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d) (cited by Jackson v. State, 989
S.W.2d 842, 844 n.3 (Tex. App.—Texarkana 1999, no pet.)); see also Henderson v. State, 962 S.W.2d 544, 558 (Tex. Crim. App. 1997).
 

            After
the trial court revoked his community supervision and sentenced him to ten
years’ incarceration, Raper filed a motion for new trial.[2]  In his motion, he argued that the trial court
should grant him a new trial because “the verdict in this cause is contrary to
the law and the evidence,” and because “the trial court has the discretion to
grant a new trial in the interest of justice.” 
The motion failed to argue that the sentence was cruel and unusual or
otherwise disproportionate.  Therefore,
this issue was not preserved for our review,[3]
and we affirm the trial court’s judgment. 

                                                            

 

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date Submitted:          July
5, 2011

Date Decided:             July
6, 2011

 

Do Not Publish

 











[1]Raper
was also assessed a $200.00 fine, $300.00 in attorney’s fees, and $343.00 in
court costs.





[2]Raper
made no other objection to the trial court’s judgment. 

 





[3]Even
if the contention had been preserved for review, the contention fails.  Since the sentence is within the statutory
range, there is no indication that the severity of the sentence is grossly
disproportionate to the gravity of the offense, and no evidence establishes the
sentence’s disproportionality as compared with other sentences in this or other
jurisdictions.  See Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006,
no pet.).