In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-12-00014-CR

                                                ______________________________

 

 

 

                                                    IN
RE:  NARRELLE A. REED

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                            Memorandum
Opinion by Justice Moseley

                                                                              

                                                                              








                                                      MEMORANDUM OPINION

 

            Narrelle A. Reed has filed a petition for writ of mandamus
in which he asks this Court to issue an order directing the District Clerk of
Hopkins County to send his habeas documents to the Texas Court of Criminal
Appeals.  

            This Court has
jurisdiction to issue a writ of mandamus against a “judge of a district or
county court in the court of appeals district.” 
Tex. Gov’t
Code Ann. § 22.221(b)(1) (West 2004). 
In this context, we have no jurisdiction to issue a writ of mandamus
against the named respondent.

            We deny the
petition.

 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          January 17, 2012

Date Decided:             January 18, 2012

 

Do Not Publish






-bidi-font-style:normal'>Brumit
v. State, 206 S.W.3d 639, 645 (Tex. Crim. App. 2006).  “[A] trial court’s arbitrary refusal to
consider the entire range of punishment in a particular case violates due
process.”  Ex parte Brown, 158 S.W.3d 449, 456 (Tex. Crim. App. 2005) (per
curiam); see also Brumit, 206 S.W.3d
at 645.  Without a clear showing of bias,
however, we presume the trial court’s actions were correct.  Brumit,
206 S.W.3d at 645.  Guilbeau’s brief
fails to demonstrate any bias or merit to the claim that the trial court
arbitrarily refused to consider the entire range of punishment.  Guilbeau’s briefing states that the record
does not indicate whether the trial court considered community supervision and
does not reveal “what evidence, circumstances[,] or options were considered and
relied on by the Court.”[2]  The brief does not discuss any action or
inaction by the trial court demonstrating bias, but rather, merely speculates
that the trial court failed to consider the entire range of punishment.

            This issue
is overruled.

 

(2)        Complaint that Sentence
Is Disproportionate Was Not
Preserved

 

            Guilbeau’s
motion for new trial argued that his thirty-year sentence was disproportionate
to the offense.  On appeal, he simply
states that the sentence was excessive, although within the legal range of
punishment, because:

The Appellant did not have an extensive criminal
history in this case.  He only had two
previous convictions, one misdemeanor and one felony.  Appellant expressed remorse and shame for
committing the offense and is capable of obtaining gainful employment.  The Appellant further testified that he is
the father of thirteen year old a child [sic] and was active in raising and
supporting his son.

 

            To preserve
error for appellate review, a defendant must make a timely, specific objection
and obtain a ruling from the trial court.  Tex. R.
App. P. 33.1.  This requirement
applies even to assertions that a sentence is cruel and unusual.  Richardson
v. State, 328 S.W.3d 61, 72 (Tex. App.—Fort Worth 2010, pet. ref’d) (citing
Solis v. State, 945 S.W.2d 300, 301 (Tex.
App.—Houston [1st Dist.] 1997, pet. ref’d) (cited by Jackson v. State, 989 S.W.2d 842, 844 n.3 (Tex. App.—Texarkana 1999,
no pet.)); see also Henderson v. State,
962 S.W.2d 544, 558 (Tex. Crim. App. 1997)).  While Guilbeau did not object to the sentence
during the punishment hearing, he did timely file a motion for new trial,
complaining that his “sentence was disproportionate to the offense.”  The problem here is that nothing suggests
Guilbeau actually presented his claim to the trial court.

            To preserve the
issue of disproportionate sentencing by motion for new trial, a defendant must
present the motion to the trial court.  Richardson, 328 S.W.3d at 72; see Tex.
R. App. P. 21.6.  “The defendant
cannot merely file the motion for new trial, but must ensure that the trial
court has actual notice of the motion.”  Richardson, 328 S.W.3d at 72 (citing Carranza v. State, 960 S.W.2d 76, 79 (Tex. Crim. App. 1998)).  “Actual notice may be shown by such things as
the judge’s signature or notation on a proposed order or by a hearing date set
on the docket.”  Id.

            In Richardson, the court noted:

 

There
is no presentment of the motion shown in this record.  There is no entry on the trial court’s docket
sheet regarding the motion for new trial, no hearing was set or held, there is
no signature by the judge on the motion, and there is no indication in the
record that the trial court had actual knowledge that the motion for new trial
was filed.  Thus, Richardson has failed
to preserve his claim regarding the alleged disproportionate sentencing for our
review.

 

Id.

 

            Likewise,
this record does not suggest that Guilbeau presented the motion for new trial
to the trial court.  There is no entry on
the court’s docket sheet referencing the motion, no evidence of any hearing, no
signature by the judge on the motion, and no indication that the trial court
otherwise had actual knowledge of the motion for new trial.  Therefore, we conclude Guilbeau has failed to
preserve[3]
this point of error for our review.  It
is overruled. 

            We affirm
the trial court’s judgment.

 

 

                        

                                                                                                Josh
R. Morriss, III

                                                                                                Chief
Justice

 

Date Submitted:          April
15, 2011

Date Decided:             April
18, 2011

 

Do Not Publish

 

 

 











[1]Although
Guilbeau filed a motion for new trial, his point of error was not contained
within that motion. 





[2]The
record demonstrates that Guilbeau had previously committed the crime of “second
degree possession of a controlled substance where he was placed on probation
for ten years and at some point was revoked and he was given eight years TDC.”  In a prior “possession of marijuana
misdemeanor case,” “[h]e was placed on probation.  A motion to revoke was filed on that.”  The trial court also heard from Guilbeau that
he had once run to Alabama when he became aware that officers had a warrant for
his arrest.  





[3]Even
if the contention had been preserved for review, the contention fails.  Since the sentence is within the statutory
range, there is no indication that the severity of the sentence is grossly
disproportionate to the gravity of the offense, and no evidence establishes the
sentence’s disproportionality as compared with other sentences in this or other
jurisdictions.  See Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.—Texarkana
2006, no pet.).