ACCEPTED
06-14-00177-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
3/25/2015 10:52:07 AM
DEBBIE AUTREY
CLERK

NO. 06-14-00177-CR

IN THE COURT OF APPEALS FOR THE

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
3/25/2015 10:52:07 AM
DEBBIE AUTREY
Clerk

SIXTH JUDICIAL DISTRICT OF TEXAS

AT TEXARKANA

_____

**MARTIN LUTHER BURNS, Appellant**

**VS.**

**THE STATE OF TEXAS, Appellee**

_____

Trial Court Cause No. F12698

IN THE 115TH JUDICIAL DISTRICT COURT

MARION COUNTY, TEXAS

_____

STATE'S APPELLATE BRIEF

_____

Angela Smoak
Marion County Attorney
102 West Austin, Room 201
Jefferson, Texas  75657
(903) 665-2611
(903) 665-3348 (fax)
State Bar No. 00797466

# TABLE OF CONTENTS

TABLE OF CONTENTS ......................................................................... i

INDEX OF AUTHORITIES ................................................................. ii

STATEMENT OF THE CASE .............................................................. 1

REPLY TO APPELLANT'S POINT OF ERROR NO. 1 ..................................... 2

    THE TRIAL COURT'S SENTENCE OF FIFTY YEARS CONFINEMENT WAS NOT EXCESSIVE NOR DISPROPORTIONATE.

REPLY TO APPELLANT'S POINT OF ERROR NO. 2 ..................................... 3

    APPELLANT'S GRANT OF DEFERRED PROBATION FOR THE OFFENSE OF AGGRAVATED KIDNAPPING DOES NOT CONSTITUTE AN UNAUTHORIZED GRANT OF PROBATION.

PRAYER ....................................................................................... 4

CERTIFICATE OF SERVICE ............................................................... 5

CERTIFICATE OF COMPLIANCE ......................................................... 5

## INDEX OF AUTHORITIES

Cases:

Cole v. State, 578 SW2d 127 (Tex. Crim. App. 1979) …………………………… 2

Hargrave v. State, 2004 WL 1277946 *1
    (not designated for publication) …………………………………………….. 3

Mullins v. State, 208 SW3d 469, 470
    (Tex. App. – Texarkana 2006, no pet.) …………………………………… 3

Statutes:

Texas Code of Criminal Procedure, Article 42.12

## STATEMENT OF THE CASE

On September 30, 2003, the Appellant was placed on a five year deferred adjudication community supervision (probation) for the offense of Aggravated Kidnapping. [CR 4, 28] The judgment, at one point on the first page indicated the probation was for three years but the body of the judgment showed the probation was for five years, as does the docket sheet. [CR 4, 28] The probation was specifically shown by the record to be a non-reporting probation. [CR 4, 22] The requirement of community work service and probation fees were also waived. [CR 22] The State filed a Motion to Adjudicate the probation on August 10, 2004. [CR 31] The probation was amended on November 22, 2004, to extend the probation for five more years from the original term and DID include a reporting obligation. [CR 33] On August 29, 2011, the State filed a Motion to Adjudicate setting out violations of the probation alleging the Appellant committed a new offense (Injury to a Child), and used cocaine. [CR 34] The hearing on this motion was not held until September 22, 2014 due to Appellant's incarceration. After a hearing was held regarding a motion filed by Appellant's trial counsel seeking a dismissal of the State's motion, which was denied, the Appellant pled true to the State's allegations and the trial court adjudicated the Appellant guilty of the underlying charge and

sentenced him to fifty (50) years confinement in prison.  [2RR 23, 2RR 4, 5 and CR

36]


### REPLY TO APPELLANT'S POINT OF ERROR NUMBER ONE
### (from Appellant's attorney's brief)

### APPELLANT'S ASSERTION

"The trial court's sentence of fifty years confinement was excessive and disproportionate."

### STATE'S REPLY

**THE TRIAL COURT'S SENTENCE OF FIFTY YEARS CONFINEMENT WAS NOT EXCESSIVE NOR DISPROPORTIONATE.**

### SUMMARY OF THE ARGUMENT

Appellant knowingly and voluntarily pled true to the allegations in the State's

Motion to Adjudicate.  Subsequently, the Court found those allegations to be true

and sentenced Appellant to fifty years.

A plea of true made to allegations that conditions of probation were violated

is sufficient on its own to support revocation of said probation.  Cole v. State, 578

SW2d 127 (Tex. Crim. App. 1979) The trial court is then authorized to assess

punishment within the range allowed by law.

Appellant now objects that the sentence was excessive and disproportionate. However no objection was made at trial nor in a motion for new trial. Therefore, Appellant has failed to preserve any error. Hargrave v. State, 2004 WL 1277946 *1 (not designated for publication) Further, Appellant fails to present any reason why his sentence is grossly disproportionate to the crime. The punishment itself falls in the middle of the range of punishment for a first degree felony. Finally, even if Appellant had met this threshold requirement, he has failed to provide any instance of sentences for similar crimes in this jurisdiction as well as others. Mullins v. State, 208 SW3d 469, 470 (Tex. App. – Texarkana 2006, no pet.)

### REPLY TO APPELLANT'S POINT OF ERROR NUMBER TWO
### (from Appellant's pro se brief)

### APPELLANT'S ASSERTION

"The charge of Aggravated Kidnapping is unauthorized to receive a probation sentence of non-reporting, non-supervised, no community service or any recommended classes or drug testing for an accused 1 degree felony."

### STATE'S REPLY

**APPELLANT'S GRANT OF DEFERRED PROBATION FOR THE OFFENSE OF AGGRAVATED KIDNAPPING DOES NOT CONSTITUTE AN UNAUTHORIZED GRANT OF PROBATION.**

## SUMMARY OF THE ARGUMENT

Article 42.12, Sec. 5 of the Texas Code of Criminal Procedure specifically authorizes the Court to grant deferred adjudication for felonies not entitled to a grant of probation under Article 42.12, sec. 3(g). As such, Appellant's deferred adjudication does not constitute unauthorized grant of probation as argued by Appellant.

## PRAYER

Wherefore, upon the issues presented, the State prays that the judgment of the trial court be in all things affirmed.

Respectfully submitted,


s/Angela Smoak
Angela Smoak
Marion County Attorney
102 W. Austin, Room 201
Jefferson, Texas  75657
(903) 665-2611
(903) 665-3348 (fax)
State Bar # 00797466
angela.smoak@co.marion.tx.us

## CERTIFICATE OF SERVICE

I hereby certify that a copy of State's Appellate Brief was mailed to Appellant and to Tim Cone, Attorney, pursuant to the Rules on this the 25th day of March, 2015.

/s/ Angela Smoak
Angela Smoak

## CERTIFICATE OF COMPLIANCE

I certify that this Brief filed electronically on this the 25th day of March, 2015 complies with T.R.A.P. Sec. 9.4(i)(2)(B) and contains 934 words.

/s/ Angela Smoak
Angela Smoak