

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00201-CR

_____

SERGIO FONZA-CAREY, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 43866-A

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

## MEMORANDUM OPINION

Pursuant to an open plea, the trial court found Sergio Fonza-Carey guilty of unlawful possession of a firearm by a felon.[1] After a trial to the bench, the trial court imposed the minimum sentence of two years' imprisonment.[2] On appeal, Fonza-Carey complains that the punishment imposed violates the prohibition against disproportionate sentences under the Eighth Amendment to the United States Constitution.

To preserve a complaint for appellate review, Fonza-Carey must have presented to the trial court a timely request, objection, or motion that stated the specific grounds for his desired ruling, or the complaint must be apparent from the context. *See* TEX. R. APP. P. 33.1(a)(1); *Hookie v. State*, 136 S.W.3d 671, 679–80 (Tex. App.—Texarkana 2004, no pet.). We have previously held that to preserve a disproportionate sentence complaint on appeal, a defendant must either object at the time the sentence is imposed, or assert the complaint in a timely filed motion for new trial. *See Mullins v. State*, 208 S.W.3d 469, 470 n.2 (Tex. App.—Texarkana 2006, no pet.); *Hookie*, 136 S.W.3d at 680; *Jackson v. State*, 989 S.W.2d 842, 845 (Tex. App.—Texarkana 1999, no pet.). Our review of the record shows that this complaint was not presented to the trial court.[3] Therefore, Fonza-Carey's sole complaint on appeal has not been preserved for our review.

---

[1]*See* TEX. PENAL CODE ANN. § 46.04(a), (c) (West 2011).

[2]*See* TEX. PENAL CODE ANN. §§ 12.34(a) (West 2011).

[3]Fonza-Carey made no objection when his sentence was imposed. Although he filed a generalized motion for new trial, the motion did not raise the issue of a grossly disproportionate sentence or assert a violation of the Eighth Amendment of the United States Constitution.

We affirm the judgment.

Bailey C. Moseley
Justice

Date Submitted:     August 19, 2016
Date Decided:       August 22, 2016

Do Not Publish