In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-11-00067-CR

                                                ______________________________

 

 

                           JASON CORNELIUS CONNALLY,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 114th
Judicial District Court

                                                             Smith County, Texas

                                                       Trial Court
No. 114-1488-10

 

                                                    
                                              

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                        Memorandum Opinion by Chief Justice Morriss








                                                      MEMORANDUM OPINION

 

            Jason
Cornelius Connally[1] entered an
open plea of guilty to a charge of aggravated robbery.   The trial court sentenced Connally to thirty
years’ incarceration.   Evidence at the
plea and sentencing hearings indicates Connally drove his cousins to a store,
which they robbed; Connally effectively was the getaway driver.   Connally stated he did not know, until after
the robbery, that one of his cousins had a pistol during the robbery.   Connally acknowledged he did nothing to
distance himself from the cousins following the robbery or to alert police to
their identities or crime.   

            Connally’s
attorney on appeal has filed a brief which discusses the record and reviews the
proceedings in detail. Counsel has thus provided a professional evaluation of
the record demonstrating why, in effect, there are no arguable grounds to be
advanced.  This meets the requirements of
Anders v. California, 386 U.S. 738
(1967); Stafford v. State, 813 S.W.2d
503 (Tex. Crim. App. 1981); and High v.
State, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978).

            Counsel
states he mailed a copy of the brief and a letter to Connally, informing him of
his right to file a pro se response and of his right to review the record.  Connally in turn has filed a one-page pro se response, claiming ineffective
assistance of counsel and “cruel and unusual punishment in light of [his] role
in the offense.”  Counsel has also filed
a motion with this Court seeking to withdraw as counsel in this appeal.

            Connally
presents no argument or legal authority for his general claims of ineffective
assistance of counsel and that his sentence was cruel and unusual
punishment.  He has failed to adequately
brief these claims.  Tex. R. App. P. 38.1(h).  

            Regardless,
he stated to the trial court he was satisfied with his trial counsel’s
representation.  Further, there is
nothing in the record to rebut the strong presumption trial counsel’s actions
were the result of sound trial strategy. 
 See Jackson v. State, 877 S.W.2d 768, 771, 773 (Tex. Crim.
App. 1994).  Connally has failed to meet
the requirements of Strickland, and
thus has failed to demonstrate ineffective assistance of counsel.   Strickland v. Washington,
466 U.S. 668 (1984).

            As for
Connally’s assertion his sentence constituted cruel and unusual punishment, his
sentence of thirty years was within the statutory range for a first degree
felony.  See Tex. Penal Code Ann.
§ 12.32 (West 2011); Jordan v. State, 495
S.W.2d 949, 952 (Tex. Crim. App. 1973). 
Connally lodged no objection to the sentence to the trial court.  Tex. R. App. P. 33.1(a)(1)(A);  Rhoades v. State, 934 S.W.2d 113, 119
(Tex. Crim. App. 1996); Mullins v. State, 208 S.W.3d 469 (Tex. App.—Texarkana
2006, no pet.).  He has not preserved
this claim for appellate review.  Even if
the contention had been preserved for review, the contention fails.  Since the sentence is within the statutory range,
there is no indication that the severity of the sentence is grossly
disproportionate to the gravity of the offense, and no evidence establishes the
sentence is disproportionate as compared with other sentences in the
jurisdiction.  See Mullins, 208 S.W.3d at
470.

            We have
determined that this appeal is wholly frivolous.  We have independently reviewed the clerk’s
record and the reporter’s record, and find no genuinely arguable issue.  See Halbert v. Michigan, 545 U.S. 605, 623
(2005).  We, therefore, agree with
counsel’s assessment that no arguable issues support an appeal.  See Bledsoe v. State, 178 S.W.3d 824, 826–27
(Tex. Crim. App. 2005).  In a frivolous
appeal situation, we are to determine whether the appeal is without merit and
is frivolous, and if so, the appeal must be dismissed or affirmed.  See Anders, 386 U.S. at 744.

            We affirm
the judgment of the trial court.[2]    

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date Submitted:          August
3, 2011

Date Decided:             August
15, 2011

 

Do Not Publish           

 

 

 

 











[1]Originally
appealed to the Twelfth Court of Appeals, this case was transferred to this
Court by the Texas Supreme Court pursuant to its docket equalization efforts.  See Tex. Gov’t Code Ann. § 73.001 (Vernon 2005).  We are unaware of any conflict between
precedent of the Twelfth Court of Appeals and that of this Court on any
relevant issue.  See Tex. R. App. P.
41.3.





[2]Since
we agree this case presents no reversible error, we also, in accordance with Anders, grant counsel’s request to
withdraw from further representation of appellant in this case.  No substitute counsel will be appointed.  Should appellant wish to seek further review
of this case by the Texas Court of Criminal Appeals, appellant must either
retain an attorney to file a petition for discretionary review or appellant
must file a pro se petition for discretionary review. Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this
Court.  See Tex. R. App. P.
68.2.  Any petition for discretionary
review must be filed with this Court, after which it will be forwarded to the
Texas Court of Criminal Appeals along with the rest of the filings in this
case.  See Tex. R. App. P.
68.3.  Should a petition for
discretionary review be filed after September 1, 2011, it should be filed
directly with the Texas Court of Criminal Appeals.  See
Texas Court of Criminal Appeals Misc. Docket No. 11-004, July 12, 2011.   Any
petition for discretionary review should comply with the requirements of Rule
68.4 of the Texas Rules of Appellate Procedure.  See Tex. R. App. P. 68.4.