

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00038-CR

SHANON FRANATOVICH, Appellant

V.

STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 41363-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

MEMORANDUM OPINION

Shanon Franatovich entered an open plea of guilty to possession of less than one gram of methamphetamine after receiving admonishments regarding the applicable range of punishment. She was sentenced to twelve months' confinement in state jail. On appeal, Franatovich argues that the sentence "violates the proportionality doctrine of the Eighth Amendment to the United States Constitution."[1] We affirm the trial court's judgment.

The Legislature is vested with the power to define crimes and prescribe penalties. *See Davis v. State*, 905 S.W.2d 655, 664 (Tex. App.—Texarkana 1995, pet. ref'd). It has been repeatedly held that punishment which falls within the limits prescribed by a valid statute is not excessive, cruel, or unusual. *See Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983); *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); *Davis*, 905 S.W.2d at 664. Yet, although the trial court's sentence is within the appropriate range of punishment, Franatovich's point on appeal survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Texas Legislature. *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.) (citing U.S. CONST. amend. VIII; *Solem v. Helm*, 463 U.S. 277, 290 (1983); *Harmelin v. Michigan*, 501 U.S. 957 (1991) (Scalia, J., plurality op.) (modifying *Solem*)). The claim of disproportionate sentencing is derivative of the proscription by the Eighth Amendment of "cruel and unusual punishment" and "flows from the basic 'precept of justice that punishment for crime should be graduated and proportioned'" to both the offender and the offense. *Winchester v.*

---

[1]This argument was raised in a timely-filed motion for new trial.

*State*, 246 S.W.3d 386, 388 (Tex. App.—Amarillo 2008, pet. ref'd) (quoting *Atkins v. Virginia*, 536 U.S. 304, 311 (2002)); *Weems v. United States*, 217 U.S. 349 (1910). In *Coker v. Georgia*, 433 U.S. 584, 592 (1977), the United States Supreme Court stated that a punishment is "excessive" and unconstitutional if it (1) makes no measurable contribution to acceptable goals of punishment and hence is nothing more than purposeless and needless imposition of pain and suffering, or (2) is grossly out of proportion to the severity of the crime. The prohibition against grossly disproportionate sentences is applied "only in the 'exceedingly rare' and 'extreme' case." *Lockyer v. Andrade*, 538 U.S. 63, 73 (2003) (quoting *Harmelin*, 501 U.S. at 1001 (Kennedy, J., concurring)).

In light of *Solem* and *Harmelin*, we first make an initial threshold comparison of the gravity of the offense to the severity of the sentence. *Mullins*, 208 S.W.3d at 470. Then, "only if that initial comparison created an inference that the sentence was grossly disproportionate to the offense should there be a consideration of the other two *Solem* factors—(1) sentences for similar crimes in the same jurisdiction and (2) sentences for the same crime in other jurisdictions." *Id.* (citing *McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Dunn v. State*, 997 S.W.2d 885, 892 (Tex. App.—Waco 1999, pet. ref'd); *Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex. App.—Dallas 1994, pet. ref'd)).

We first point out that Franatovich does not argue that the punishment established by the Texas Legislature for possession of methamphetamine is disproportionate to the crime. At the sentencing hearing, counsel for Franatovich argued the "offense occurred, I believe, only three days after her sister committed suicide," her mother was in "very poor health," and Franatovich

3

herself had a "long history . . . of . . . grand mal seizures," resulting from an accident. On appeal, while the briefing states that "[t]he facts and circumstances of the instant case stand out as both unique and compelling," Franatovich points to evidence in the presentence investigation (PSI) report highlighting her life's misfortunes, which do nothing to support the theory that the facts surrounding her possession of methamphetamine were unique or compelling. Instead of meeting the threshold requirement, these arguments seek to invoke sympathy for Franatovich's methamphetamine possession. However, we initially address only the particular offense committed and sentence imposed, without substituting ourselves as the fact-finder during sentencing.

Moreover, the State responded that the PSI report revealed that Franatovich "ha[d] 20 misdemeanor arrests, 4 felony arrests. And on any probation she's been on, except a deferred probation in 2006 for driving while license invalid, she's been revoked." [2] The State also pointed out that Franatovich's "inpatient [drug] treatment back in 2000 . . . did not work."

As a state jail felony, Franatovich's possession of 0.35 grams of methamphetamine was punishable by "not more than two years or less than 180 days" of confinement and "a fine not to exceed $10,000." TEX. PENAL CODE ANN. § 12.35(a), (b) (West Supp. 2012); *see* TEX. HEALTH & SAFETY CODE ANN. § 481.115(b) (West 2010). Her sentence falls within the middle range of confinement allowed, and she was not ordered to pay a fine. We have reviewed the record and determine that nothing demonstrates or raises an inference that the sentence was grossly

---

[2]During sentencing, it was shown that the PSI report listed one felony conviction, "two or three misdemeanors that reached any kind of disposition, either jail time or probation; . . . three community supervisions" and a deferred adjudication. Franatovich was also previously "on a felony probation [which was] . . . revoked and [she] went to state jail for 15 months."

4

disproportionate to the offense, or that this is an exceedingly rare and extreme case. Further, there is no evidence in the record comparing Franatovich's sentence to others in the same jurisdiction for her offense, or those imposed on defendants in other jurisdictions who committed a similar offense. *See Delacruz v. State*, 167 S.W.3d 904, 906 (Tex. App.—Texarkana 2005, no pet.). Thus, we hold that disproportionate sentencing has not been shown. *Id.*

We affirm the trial court's judgment.


Bailey C. Moseley
Justice


Date Submitted:    July 23, 2013
Date Decided:     July 24, 2013

Do Not Publish

5