

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-13-00186-CR

JAMES DARWIN VANCE, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 42,130-B

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Justice Moseley

# OPINION

In Gregg County, Texas, James Darwin Vance was indicted on two counts of aggravated sexual assault of a child under fourteen years of age. Vance entered an open plea of guilty, and the trial court accepted his plea. Vance sought deferred adjudication or the minimum prison term of five years' confinement, whereas, the State recommended a sentence of fifty years' imprisonment. After a punishment hearing, the trial court sentenced Vance to thirty years' confinement on each count with the sentences to run concurrently. Vance was also assessed $594.00 in court costs and $1,870.00 in attorney's fees.

On appeal, Vance argues that the trial court erred by (1) sentencing him to thirty years' confinement given the mitigating testimony presented during the punishment phase of the trial and (2) ordering him to pay attorney's fees for his court-appointed attorney.

We modify the judgment by striking the assessment of attorney's fees because there is no evidence in the record that Vance had the means to pay the attorney's fees. Because Vance's sentence was not grossly disproportionate to the offense, we affirm the judgment, as modified.

## I.    Vance's Sentence Was Not Disproportionate to the Offense

In his first point of error, Vance claims his sentence was disproportionate given the mitigating testimony presented during the punishment phase.

Vance had no prior convictions. The presentence investigation report assessed Vance to be a "moderate" risk. During the punishment phase, Vance's sister and father testified that Vance was remorseful, that as a truck driver, he was a hard worker and had employment opportunities, and that if Vance were given deferred adjudication community supervision, he

could fulfill all his supervision requirements, he would have a place to live, and he would have family support to help him.

Texas courts have traditionally held that so long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. *See, e.g.*, *Jordan v. State*, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Aggravated sexual assault of a child under fourteen years of age is a first degree felony offense. TEX. PENAL CODE ANN. § 22.021(a)(2)(B) (West Supp. 2013). The punishment range for a first degree felony is a minimum term of five years' confinement and up to a maximum of ninety-nine years' or life imprisonment and a fine of up to $10,000.00. TEX. PENAL CODE ANN. § 12.32 (West 2011), § 22.021(e) (West Supp. 2013). Vance's sentence falls within the applicable statutory range.

That does not end our inquiry. A prohibition against grossly disproportionate punishment survives under the Eighth Amendment to the United States Constitution apart from any consideration of whether the punishment assessed is within the range established by the Legislature. U.S. CONST. amend. VIII; *see Harmelin v. Michigan*, 501 U.S. 957 (1991) (Scalia, J., plurality op.); *Solem v. Helm*, 463 U.S. 277, 290 (1983); *Jackson v. State*, 989 S.W.2d 842, 846 (Tex. App.—Texarkana 1999, no pet.); *Lackey v. State*, 881 S.W.2d 418, 420–21 (Tex. App.—Dallas 1994, pet. ref'd); *see also Ex parte Chavez*, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as involving "very limited, 'exceedingly rare,' and somewhat amorphous" review).

First, we engage in an initial threshold comparison of the gravity of the offense with the severity of the sentence to determine whether it leads to an inference of gross disproportionality. *Harmelin*, 501 U.S. at 1005; *see McGruder v. Puckett*, 954 F.2d 313, 316 (5th Cir. 1992); *Lackey*, 881 S.W.2d at 420–21. Only then do we compare the sentence at issue to the sentences imposed for similar crimes in the same jurisdiction and sentences imposed for commission of the same crime in other jurisdictions. *Harmelin*, 501 U.S. at 1005; *Solem*, 463 U.S. at 292; *McGruder*, 954 F.2d at 316; *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App.—Texarkana 2006, no pet.); *Lackey*, 881 S.W.2d at 420–21.

In this case, Vance's sentence was not grossly disproportionate to the gravity of the offense. He pled guilty to two counts of aggravated sexual assault of a child under fourteen years of age. The victim, Vance's stepdaughter, was thirteen years old at the time of the offense, and the sentence is at the lower end of the punishment range. Even if the sentence was disproportionate, no evidence in the record allows us to compare Vance's sentence to the sentences imposed on other persons in Texas or on persons in other jurisdictions who committed a similar offense. *See Latham v. State*, 20 S.W.3d 63, 69 (Tex. App.—Texarkana 2000, pet. ref'd); *Davis v. State*, 905 S.W.2d 655, 664–65 (Tex. App.—Texarkana 1995, pet. ref'd). Without such evidence, the record before us does not support Vance's claim of demonstrable error. *Cf. Jackson*, 989 S.W.2d at 846 ("[T]here is no evidence in the record reflecting sentences imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a comparison."). Therefore, we overrule this point of error.

## II. Deletion of the Attorney's Fees is Required

In his second point of error, Vance argues that the trial court erred in assessing $1,870.00 in attorney's fees against him because he is indigent and there is no evidence in the record that he has the means to pay the fees. To its credit, the State concedes that the trial court erred and, like Vance, contends that the "judgment should be reformed to eliminate" the assessment of attorney's fees.

A trial court has the authority to order the reimbursement of court-appointed attorney's fees.

> If the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs, the court shall order the defendant to pay during the pendency of the charges or, if convicted, as court costs the amount that it finds the defendant is able to pay

.
TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2013). "'[T]he defendant's financial resources and ability to pay are explicit critical elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees.'" *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). However, a "defendant who is determined by the court to be indigent is presumed to remain indigent for the remainder of the proceedings in the case unless a material change in the defendant's financial circumstances occurs." TEX. CODE CRIM. PROC. ANN. art. 26.04(p) (West Supp. 2013).

Here, as argued by Vance and conceded by the State, Vance had been determined by the trial court to be indigent, and there was never a finding by the court that he was able to re-pay

5

any amount of the costs of court-appointed legal counsel.  Thus, the assessment of the $1,870.00 in attorney's fees for counsel appointed to represent Vance was erroneous and should be deleted. *See generally Cates v. State*, 402 S.W.3d 250 (Tex. Crim. App. 2013); *Mayer*, 309 S.W.3d 552. Accordingly, we sustain this point of error.

We modify the trial court's judgment to delete the requirement to pay $1,870.00 in attorney's fees.  We affirm the judgment, as modified.


Bailey C. Moseley
Justice

Date Submitted:    March 31, 2014
Date Decided:      April 25, 2014

Do Not Publish