ACCEPTED
03-14-00563-CR
4564597
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/19/2015 1:44:21 PM
JEFFREY D. KYLE
CLERK

NO. 03-14-00563-CR

IN THE

COURT OF APPEALS

THIRD DISTRICT OF TEXAS

AT AUSTIN

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/19/2015 1:44:21 PM
JEFFREY D. KYLE
Clerk

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

| | |
|---|---|
| **TARSHA YVONNE WILEY** | **APPELLANT** |

**VS.**

| | |
|---|---|
| **THE STATE OF TEXAS** | **APPELLEE** |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

**AMENDED APPELLANT'S ATTORNEY'S MOTION TO WITHDRAW AND BRIEF**

_____

**APPEAL OF JUDGMENT IN CAUSE NO. 69,201
FROM THE 264th JUDICIAL DISTRICT COURT OF
BELL COUNTY, TEXAS,**

_____

**NO ORAL ARGUMENT REQUESTED**

**JAMES H. KREIMEYER
ATTORNEY FOR APPELLANT
P.O. BOX 727
BELTON, TEXAS 76513
(254) 939-9393
(254) 939-2870 FAX
T.S.B. #11722000
jkreime@vvm.com**

## IDENTITY OF PARTIES AND COUNSEL

**Trial Judge:**               HON. Martha J. Trudo
                               264th Judicial
                               District Court Judge
                               P.O. Box 324
                               Belton, Texas 76513

**Prosecutors:**               Michael Waldman
                               Asst. District Attorney
                               P.O. Box 540
                               Belton, Texas 76513

**Defense Attorney At**
**Plea Hearing**               Buckley H. Major
                               Attorney at Law
                               2010 SW HK Dodgen Loop
                               Temple, TX 76504

**Defense Attorney At**        Jon McDurmitt
**Revocation Hearing:**        Attorney at Law
                               P.O. Box 855
                               Belton, TX 76513

**Appellate Attorney:**        James H. Kreimeyer
                               Attorney at Law
                               P.O. Box 727
                               Belton, Texas 76513

**Attorney for Appellee:**     Bob Odom
                               Asst. District Attorney
                               P.O. Box 540
                               Belton, Texas 76513

**Appellant:**                 Tarsha Yvonne Wiley
                               TDCJ #01941874
                               Lockhart Correctional Fac
                               P.O. Box 1170
                               Lockhart, TX 78640

# TABLE OF CONTENTS

**PAGE NO.**

IDENTITY OF PARTIES AND COUNSEL . . . . . . . . i

TABLE OF CONTENTS . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES . . . . . . . . . . . . iii-iv

STATEMENT OF THE CASE . . . . . . . . . . . . 2-5

FRIVOLOUS APPEAL STATMENT. . . . . . . . . . . . 5

INDICTMENT. . . . . . . . . . . . . . . . . .5-6

ORIGINAL PLEA OF GUILTY . . . . . . . . . . .6-7

PUNISHMENT HEARING . . . . . . . . . . . . . . 8

MOTION TO ADJUDICATE. . . . . . . . . . . . .8-9

HEARING ON MOTION TO ADJUDICATE. . . . . . . .9-11

ARGUMENT. . . . . . . . . . . . . . . . . .11-13

PUNISHMENT HEARING. . . . . . . . . . . . .13-15

ASSESSMENT OF COURT COSTS. . . . . . . . . . 15-16

PRAYER. . . . . . . . . . . . . . . . . . . 17

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . 18

CERTIFICATE OF COUNSEL . . . . . . . . . . . 19-20

CERTIFICATE OF SERVICE . . . . . . . . . . . . 21

# INDEX OF AUTHORITIES

**CASES:**                                          **PAGE NO.**

*Anders v. California*, 386 U.S. 738 (1967). . . .5

*High v. State*, 573 S.W.2d 807
    (Tex. Crim. App. 1978 . . . . . . . . . . . 5

*Currie v. State*, 516 S.W.2d 684
    (Tex. Crim. App. 1974). . . . . . . . . . . 5

*Nichols v. State,* 394 S.W.3d 612,616
    (Tex. App. Texarkana 2011 pet. r.). . . . . 7

*Smith v. State,* 286 S.W.3d 333
    (Tex. Crim. App. 2009). . . . . . . . . . .11

*Jones v. State,* 571 S.W.2d 191, 194
    (Tex. Crim. App. 1978). . . . . . . . . . .11

*Rickels v. State,* 202 S.W.3d 759, 763-64
    (Tex. Crim. App. 2006). . . . . . . . . . .12

*Mauney v. State,* 107 S.W.3d 693,695
    (Tex. App. Austin 2003 no pet. h.). . . 12-13

*Mullins v. State,* 208 S.W.3d 469, 470
    (Tex. App. 2006). . . . . . . . . . . . . .15

*Martin v. State,* 405 S.W.3d 944,947
    (Tex. App. Texarkana 2013 no pet. h.). . . 16

## INDEX OF AUTHORITIES

**Statues:**                                    **PAGE NO.**

Texas Penal Code
    § 22.02(a)(2) . . . . . . . . . . . . . . . .6
    § 22.02(b). . . . . . . . . . . . . . . . 15

Texas Code of Criminal Procedure
    Article 26.13 . . . . . . . . . . . . . . .7
    Article 42.12 §(5)(b) . . . . . . . . .14–15

NO.03−14−00563−CR

IN THE

COURT OF APPEALS

THIRD DISTRICT OF TEXAS

AT AUSTIN

**************************************************

TARSHA YVONNE WILEY                    APPELLANT

VS.

THE STATE OF TEXAS                     APPELLEE

**************************************************

**AMENDED APPELLANT'S ATTORNEY'S MOTION**

**TO WITHDRAW AND BRIEF**

Comes now the undersigned court appointed counsel for the Appellant and moves this court to allow said counsel to withdraw for the reason that counsel has carefully examined the record herein and the law applicable to Appellant's case and is unable to find any supportable grounds for appeal and has concluded that the appeal of this cause is

1

wholly frivolous and in support thereof shows the court as follows:

## STATEMENT OF THE CASE

Appellant was accused by indictment with the offense of aggravated assault by intentionally, knowingly and recklessly causing bodily injury to the complainant with a deadly weapon, to wit: a knife; alleged to have occurred on November 15, 2011. (Cl. R. at 4) A motion to release defendant and set reasonable bail was filed (Cl. R. at 12) Appellant's bond was reduced from $100,000.00 to $35,000.00. (R.R. II at 36)

Thereafter, on May 10, 2012 Appellant entered a plea of guilty to the offense charged in the indictment. (R.R. III at 8)

On June 14, 2012 a punishment hearing was conducted and a pre-sentence investigation report was placed before the trial court. (R.R. IV at 4) The State called no witnesses. Appellant called a witness (R.R. IV at 5) and; the trial court having

2

heard the evidence, considered the pre-sentence report, and argument of counsel; withheld a finding of guilt, found a deadly weapon had been used in the commission of the offense and placed Appellant on ten (10) years deferred adjudication community supervision. (R.R. IV at 24) Appellant waived appeal. (R.R. IV at 30)(Cl. R. at 21) A judgment was entered by the trial court on June 14, 2012 placing Appellant on community supervision. (Cl. R. 34)

On October 8, 2013 a Motion to Adjudicate Appellant's community supervision was filed, alleging various violations of the terms and condition of community supervision. (Cl. R. at 39)

July 10, 2014 the trial court called for announcements on the motion to adjudicate filed, after both the State and Appellant announced ready, Appellant entered a plea of not true to all the allegations of violation of the terms and

conditions of her community supervision. (R.R. VI at 6)

After hearing the testimony from the State's and Appellant's witnesses; the trial court found the violations alleged in the motion to adjudicate to be true and set the matter for a punishment hearing. (R.R. VI at 53,54)

On July 17, 2014 the hearing continued and the trial court found the evidence sufficient to find Appellant violated the terms and conditions of probation and revoked the deferred adjudication previously granted Appellant; (R.R. VII at 12) and imposed a sentence of five (5) years. (R.R. VII at 13) Judgment adjudicating guilt was entered on July 17, 2014. (Cl. R. at 56)

On August 6, 2014 notice of appeal was filed (Cl. R. at 61) and Appellant's trial counsel filed a motion to withdraw,(Cl. R. at 62) which the trial court granted. (Cl. R. at 63)

4

Appellate counsel was appointed on August 18, 2014. (Cl. R. 67) Appellant's brief is due on or before the March 19, 2015.

## FRIVOLOUS APPEAL STATEMENT

The undersigned counsel, having been appointed to represent Appellant on appeal, after having fully examined the record herein, is of the opinion that this appeal is wholly frivolous and without merit and that no arguable points on appeal or authorities to support such points are to be found in the record. Counsel, however, offers the following evaluation of the record as required in *Anders v. California*, 386 U.S. 738 (1967); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974).

## INDICTMENT

Appellant was accused by indictment with the offense of aggravated assault with a deadly weapon. The indictment (Cl. R. at 4) properly charged the

offense under Tex. Penal Code § 22.02(a)(2), defining the offense of aggravated assault with a deadly weapon.

## ORIGINAL PLEA OF GUILTY

On May 10, 2012 a written waiver of a jury and agreement to stipulate upon a plea of guilty was signed and filed by Appellant and her counsel at that time, Buckley H. Major. (Cl. R. at 25) A judicial confession, which tracked the allegations in the indictment, was signed by Appellant waiving all of her rights to remain silent and agreeing that the facts in the statement are true and correct. (Cl. R. at 23) A plea recommendation in which the State recommended Appellant be sentenced anywhere within the range of punishment not to exceed five (5) years to the Texas Department of Criminal Justice-Institutional Division. The range of punishment included the possibility of deferred adjudication community supervision.(Cl. R. at 19)

6

After calling the case for trial, the trial court properly admonished Appellant as to her right to a trial by jury, the range of punishment, the right to confront and cross-examine the witnesses and a constitutional right to remain silent. These rights were waived by Appellant, (R.R. III at 5) with the concurrence of her attorney. The trial court accepted Appellant's waivers, found Appellant to be competent, and accepted her plea of guilty; along with the proper admonishments concerning the voluntariness of her plea. (R.R. III at 8) The trial court's admonishments substantially complied with Article 26.13 Tex. Crim. Proc. Code. *Nichols v. State*, 394 S.W.3d 612,616 (Tex. App. Texarkana 2011 pet. r.) The State offered into evidence Appellant's judicial confession, State's Exhibit 1, which was admitted without objection. The trial court withheld a finding of guilt and recessed until a later date for sentencing. (R.R. III at 10)

7

## PUNISHMENT HEARING

On June 14, 2012, the trial court withheld a finding of guilt and placed Appellant on ten (10) years deferred adjudication. (R.R. IV at 24) Appellant waived her appellate rights. (R.R. IV at 30) (Cl. R. at 21)

## MOTION TO ADJUDICATE

On about October 8, 2013 a Motion to Adjudicate the deferred adjudication community supervision previously granted Appellant on June 14, 2012 was filed, alleging various violations of the terms and conditions of Appellant's community supervision. (Cl. R. at 39)

On May 23, 2014 the Motion to Adjudicate Appellant's deferred adjudication was before the trial court for announcement hearing and the trial court was advised Appellant intended to enter pleas of not true to the allegations in the motion to adjudicate. (R.R. V at 6)

Upon determining Appellant had tested positive for a controlled substance, cocaine, on May 23, 2014; (Cl. R. at 52) the trial court ordered she be drug tested weekly through the Bell County Community Corrections and Supervision Department. (R.R. V at 10)

## HEARING ON MOTION TO ADJUDICATE

The hearing on Appellant's plea of not true to the motion to adjudicate began on July 10, 2014. (R.R. VI at 4) There were ten (10) allegations of violations of the terms and conditions of community supervision. These allegations included a new offense alleged to have been committed after being placed on community supervision, using or possessing alcohol and illegal drugs, failure to participate in various programs and assessments, and failure to pay various fees and fines. (Cl. R. at 39)

Jason Smith, a community supervision officer for Bell County Probation Department testified

9

(R.R. VI at 7) Appellant admitted using marijuana on July 19, 2013 (R.R. VI at 9) and admitted and tested positive for cocaine on September 13, 2013. (R.R. VI at 10) Smith went on to relate Appellant did not complete some of the requirements of her terms and conditions of probation. (R.R. VI at 11)

Sherman Craig was called by the State (R.R. VI at 21) and he related Appellant was living at his residence in Killeen, Bell County, Texas; with Appellant. (R.R. VI at 22) On August 9, 2013, Appellant was drinking and an argument, which became a tussle; according to the witness. (R.R. VI at 26) At one point, Appellant threw a bottle of water from the freezer, which struck Craig on the head; even though he put up his hand to deflect it. (R.R. VI at 30) Craig grabbed Appellant's arms to stop the fighting and Appellant bit him on his hand; causing it to bleed. (R.R. VI at 31)

The trial court found all allegations to be true, despite the indication that some of the

programs and sanctions were completed; to include, increased community service restitution, letter of explanation, and Texas Work Force Commission referral. (Cl. R. at 41)

## ARGUMENT

As the Court of Criminal Appeals noted: "We have long held that 'one sufficient ground for revocation would support the trial court's order revoking' community supervision." *Smith v. State*, 286 S.W.3d 333 (Tex. Crim. App. 2009); *Jones v. State*, 571 S.W.2d 191, 194 (Tex. Crim. App. 1978) Since all the allegations in the State's Motion to Adjudicate were found the be true, the violation of Condition #1 as alleged in paragraph "A" of the State's motion alone would be sufficient to enter the finding of guilty. (Cl. R. at 39–40)

"Appellate review of an order revoking probation is limited to abuse of the trial court's discretion." In determining questions regarding sufficiency of the evidence in probation revocation

11

cases, the burden of proof is by a preponderance of the evidence. The Court stated that "an order revoking probation must be supported by a preponderance of the evidence; in other words, that greater weight of the credible evidence which would create a reasonable belief that the defendant has violated a condition of his probation." *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006)

A trial court's decision to revoke probation is reviewed for an abuse of discretion. A trial court abuses its discretion if the decision is so clearly wrong as to lie outside the zone within which reasonable persons might disagree. The Appellant court views the evidence presented in a revocation proceeding in the light most favorable to the trial court's ruling. As the tier of fact, it is left to the trial court to judge the credibility of witnesses and the weight to be given their

testimony. [citations omitted] *Mauney v. State*, 107 S.W.3d 693, 695 (Tex. App. Austin 2003 no pet. h.)

There is sufficient evidence to uphold the trial court's finding of guilt on the State's motion to adjudicate. There is no error calling for reversal of the finding of guilty and punishment assessed by the trial court.

## **PUNISHMENT HEARING**

On July 17, 2014 the trial court took up the issue of the disposition of Appellant's deferred adjudication community supervision. (R.R. VII at 4)

The State recalled for the trial court some of the facts of the leading to Appellant being charged with Aggravated Assault with a Deadly Weapon which led to her community supervision and the facts of the assault on Mr. Craig. (R.R. VII 5)

There was no additional evidence submitted, other than a certificate of appreciation for Appellant's volunteer work at the Bell County Indigent Health Services and a certificate showing

13

completion of an anger resolution seminar. (R.R. VII at 6) (R.R. VIII Defendant's Exhibit 1)

After a plea by Appellant's attorney to leave Appellant on the deferred adjudication probation because Appellant was getting treatment and medications for her mental issues. (R.R. VII at 6,7) The State gave an opinion, based on the facts before the trial court, of Appellant's propensity for drug abuse and violence. (R.R. VII at 9)

The trial court found Appellant guilty of the original accusation of aggravated assault with a deadly weapon (R.R. VII at 12) and assessed her punishment at five (5) years in the Texas Department of Criminal Justice—Institutional Division.

After an adjudication of guilt, all proceedings, including assessment of punishment, pronouncement of sentence, granting of community supervision, and defendant's appeal continue as if the adjudication of guilt had not been deferred.

Tex. Crim. Proc. Code Article 42.12 §5(b). The trial court did conduct a punishment hearing identical to one performed after a direct finding of guilty. Texas courts have traditionally held that, as long as the punishment assessed is within the range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or unusual. A sentence of six (6) years falls within the applicable range of two to ten years. *Mullins v. State*, 208 S.W.3d 469, 470 (Tex. App. 2006) The five (5) year sentence assessed against Appellant is in the lower range of the two (2) years to twenty (20) called for by Section 22.02(b) Tex. Pen. Code.

## ASSESSMENT OF COURT COSTS

When Appellant was sentenced by the trial court, the trial court imposed the sentence of five (5) years, with any credits, court costs and restitution. (R.R. VII at 13) There is no restitution amount set out in the trial court's

15

Judgment Adjudicating Guilt; however Appellant was ordered to pay court costs in the amount of $502.00. (Cl. R. at 56) A bill of costs was filed on July 23, 2014 confirming the amount of court costs. (Cl. R. at 59)

A defendant's ability to pay is not relevant with respect to legislatively mandated court costs. The Court of Appeals in Texarkana has recently agreed with the Amarillo court and has held that a trial court can order an indigent defendant to pay legislatively mandated court costs provided payment is not demanded before the trial court proceedings have concluded. [citations omitted] *Martin v. State*, 405 S.W.3d 944, 947 (Tex. App. Texarkana 2013 no pet. h.) Since there is a bill of costs in the appellate record, Appellant can be required to pay the court costs; despite her being indigent. Her indigency is supported by the trial court having appointed both trial and appellate counsel. (Cl. R. at 48 & 67)

16

## **PRAYER**

Wherefore, premises considered, after a review of the entire record in this cause, counsel for Appellant submits there are no issues or arguable grounds for appeal and; therefore, prays the Court of Appeals to grant counsel's motion to withdraw.

Respectfully submitted,

/s/ James H. Kreimeyer
James H. Kreimeyer
Counsel for Appellant
P.O. Box 727
Belton, TX 76513
254-939-9393 Fax:939-2870
TSB#11722000
jkreime@vvm.com

17

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief complies with the length limitations of Texas Rule of Appellate Procedure 9.4(i)(3) because this brief contains 1,792 words, excluding the parts of the brief exempted by Texas Rule of Appellate Procedure 9.4(i)(1); a number which is less than the 15,000 words allowed under Rule 9.4(i)(2)(B).

I also certify that this brief complies with the typeface requirements of Texas Rule of Appellate Procedure 9.4(e) because this brief has been written with a conventional typeface using a 14-point font (with footnotes no smaller than 12-points) using Microsoft Office Word 2010 (version 14), in Courier New font.

/s/ James H. Kreimeyer
JAMES H. KREIMEYER

| | | |
|---|---|---|
| **Tarsha Yvonne Wiley** | § | **IN THE COURT OF APPEALS** |
| **v.** | § | **THIRD JUDICIAL DISTRICT** |
| **THE STATE OF TEXAS** | § | **SITTING AT AUSTIN, TEXAS** |

## CERTIFICATE OF COUNSEL

In compliance with the requirements of *Anders v. California,* 386 U.S. 378 (1967), I, James H. Kriemeyer, court-appointed counsel for appellant, Tarsha Yvonne Wiley, in the above referenced appeal, do hereby verify, in writing, to the Court that I have:

1. notified appellant that I filed a motion to withdraw as counsel with an accompanying *Anders* brief, and provided a copy of each to appellant;

2. informed appellant of her right to file a pro se response identifying what she believes to be meritorious grounds to be raised in her appeal, should she so desire;

19

3.  advised appellant of her right to review the appellate record, should she wish to do so, preparatory to filing that response;

4.  explained the process for obtaining the appellate record, provided a *Motion for Pro Se Access to the Appellate Record* lacking only appellant's signature and the date, and provided the mailing address for this Court; and

5.  informed appellant of her right to seek discretionary review pro se should this Court declare her appeal frivolous.

Respectfully submitted,


/s/ James H. Kreimeyer
Attorney for Appellant
James H. Kreimeyer

20

## CERTIFICATE OF SERVICE TO OPPOSING COUNSEL

This is to certify a true copy of the foregoing Appellant's Brief was furnished to Bob Odom Assistant District Attorney for Bell County, P.O. Box 540, Belton, Texas 76513 on the 19th day of March, 2015.

/s/ James H. Kreimeyer
JAMES H. KREIMEYER

## CERTIFICATE OF SERVICE TO APPELLANT

This is to certify a true copy of the brief, a motion to obtain the appellate record and a letter explaining Appellant's right to file a pro se brief in this cause; was forwarded to Appellant, Tarsha Yvonne Wiley, Lockhart Correctional Facility, P.O. Box 1170, Lockhart, TX 78640 on the 19th day of March, 2015.

/s/ James H. Kreimeyer
JAMES H. KREIMEYER

21

# JAMES H. KREIMEYER

ATTORNEY AT LAW
P.O. Box 727                   BOARD CERTIFIED-CRIMINAL LAW            (254) 939-9393
BELTON, TEXAS 76513      TEXAS BOARD OF LEGAL SPECIALIZATION     FAX (254) 939-2870

March 19, 2015

Tarsha Yvonne Wiley
TCJ#01941874
Lockhart Correctional Facility
P.O. Box 1170
Lockhart, TX 78640

Notification letter re:
(1) *Anders* situation, no arguable grounds, and motion
    to withdraw,
(2) right to file pro se brief,
(3) right to file petition for discretionary review,
(4) relevant appellate rules, and
(5) Appellant's motion for *pro se* access to the
    appellate record

Dear Ms. Wiley:

Enclosed please find a copy of the motion to withdraw as counsel and brief pursuant to *Anders v. California* that I have prepared and filed in your case. After a diligent search of both the clerk's record and reporters record in your case and a review of the applicable law, it is my opinion that no reversible error occurred at your revocation proceeding.

Whenever appellate counsel files a motion such as this, the law provides the appellant the right to review the record and file a response identifying to the appellant court any grounds she thinks are non-frivolous issues to be raised on her behalf that the appellate court should consider in deciding whether the case presents any meritorious grounds for appeal. Because I have filed this motion and brief, you now have the right to review the record and file a response or brief if you so choose. To assist you in obtaining the record if you wish to review it, I have enclosed a *Motion for Pro Se Access to the Appellate Record* for you to file. In order to obtain the

22

appellate record, you must sign and date the motion and mail it to the Third Court of Appeals within ten days of the date of this letter at the following address:

> Jeffrey D. Kyle, Clerk
> Third Court of Appeals
> P.O. Box 12547
> Austin, TX 78711

The Court of Appeals will then direct the clerk of the trial court to provide you with a copy of the appellate record. Your response will be due to be filed in the Third Court of Appeals within 30 days of the date the clerk provides the record to you.

Whether or not you file a response, the law requires the Court of Appeals to review the record to determine if the Court agrees with my assessment that no meritorious grounds for appeal exist, i.e., that no reversible error exists. If the Court does not agree, but instead believes there are non-frivolous issues to be raised on your behalf, the Court must abate the appeal to have another attorney appointed to review the record on your behalf.

Should the Court of Appeals ultimately determine that there are no meritorious grounds to be raised and that your appeal is frivolous, the Court will affirm your revocation. You may then file a pro se petition for discretionary review with the Texas Court of Criminal Appeals. Such petition must be filed within 30 days of the date the Court of Appeals renders its judgment.

Feel free to write me if you have any questions about the procedure utilized in your appeal. I will do my best to answer any questions you may have.

Sincerely,


/s/ James H. Kreimeyer
James H. Kreimeyer

23